

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 13, 1966

Honorable Homer Garrison, Jr.        Opinion No. C-685
Director
Texas Department of Public        Re:  Suspension of driver's
  Safety                               license of defendants
Austin, Texas                          after their conviction
                                       of the misdemeanor of-
                                       fense of DWI and being
Dear Mr. Garrison:                     placed on probation.

        In an opinion request of this office you pose two
questions concerning Article 42.13, Vernon's Code of Crimi-
nal Procedure of Texas, commonly referred to as the Misde-
meanor Probation Law, as it relates to the suspension of
drivers' licenses as provided for by Article 6687b, Section
24, Vernon's Civil Statutes. Said Section 24 provides as
follows:

        "(a)  The license of any person shall
be automatically suspended upon final con-
viction of any of the following offenses:

        "1. . . .

        "2.  Driving a motor vehicle while under
the influence of intoxicating liquor or
narcotic drugs. . . ."

Specifically, the questions you pose are as follows:

        "Would a conviction be considered 'fi-
nal' under the following circumstances:

        "1.  Where the defendant is found guilty
of first offense DWI, fined and required to
serve a jail sentence but the suspension of
the driver's license is probated; and

        "2.  Where the defendant is found guilty
of first offense DWI, required to pay a fine,
but the jail sentence and a suspension of the
license is probated."

-3291-

In Attorney General's Opinion No. C-626 (1966), this office stated that it was our opinion that a defendant who was convicted of the misdemeanor offense of driving while intoxicated and placed on probation in accordance with the terms of Article 42.13 does not automatically lose his driver's license, unless and until his probation is revoked, and the court enters judgment on the finding of guilty in accordance with the terms of Article 42.13. We reaffirm that opinion. When a defendant is placed on probation under the terms of the Misdemeanor Probation Law, there is no "final conviction" as that term is used in Section 24 of Article 6687b. Therefore, we answer your second question in the negative.

In both of the questions presented by you, you state that the court has granted a probation of the suspension of the driver's license. It is our opinion that the action of a court in either granting or denying probation of a driver's license is a nullity, since it is our opinion that once a defendant is placed on probation, as a matter of law his driver's license may not be suspended, since there is no final conviction unless and until the probation is revoked.

We further note that in the first question presented by you, you state that the defendant, after being placed on probation, is required to serve a jail sentence. It will be noted that under the terms of this Article there is no authorization for a court to require a defendant who has been placed on probation to serve a jail sentence. In addition, Article 42.13, Section 2(2) states as follows:

> "'Probation' means the release by a court
> under terms and for a period specified by the
> court of a defendant who has been found guilty
> of a misdemeanor;"

We interpret this definition of "probation" to mean that any time a defendant is placed on probation in accordance with Article 42.13 he must be released from custody by the court.

In reference to your first question you state that the defendant was required to serve the jail sentence. If the court did not probate the jail sentence, but only probated the suspension of the defendant's driver's license, which was a nullity, there was a final conviction in the absence of an appeal. However, if the court actually probated the jail sentence and then erroneously required the

defendant to serve the jail sentence, then there was not a final conviction, until and unless the probation is revoked.

### SUMMARY

Where a defendant is found guilty of first offense DWI and a jail sentence imposed, but the jail sentence is probated, there is no final conviction until and unless the probation is revoked. If the court does not probate the jail sentence, but only probates the suspension of the defendant's driver's license, such purported probation was a nullity and there was a final conviction in absence of an appeal. However, if the court actually probated the jail sentence and then erroneously required the defendant to serve the jail sentence there was not a final conviction unless and until the probation is revoked.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: SAM L. KELLEY
Assistant Attorney General

SLK:pw:br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Douglas Chilton
W. O. Shultz
Gilbert J. Pena
Lonny F. Zwiener

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright